Phil Horowitz (State Bar #111624)
Christopher Banks (State Bar #279895)
Law Offices of Phil Horowitz
505 14th Street, Suite 600
Oakland, California 94612
phil@philhorowitz.com
(415) 391-0111

Attorneys for Plaintiff
Job Stauffer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOB STAUFFER, | Case No. 21-cv-00567-JD |
| Plaintiff, | PLAINTIFF'S TRIAL BRIEF |
| v. | |
| ORPHEUS FLOW TECHNOLOGIES LLC, ANDROMEDA ENTERTAINMENT, ROBIN ARNOTT LLC, ROBIN ARNOTT and DOES 1 through 50, inclusive, | PLAINTIFF'S TRIAL BRIEF |
| Defendants. | |

Plaintiff Job Stauffer respectfully submits this pretrial brief in compliance with Paragraph 4 of the Court's standing order. As required, this brief specifies each cause of action and defense remaining to be tried along with a statement of the applicable legal standard.

**1.     Promissory Fraud**

Job Stauffer asserts that Robin Arnott promised him double digit equity without the intent to perform.

Promissory fraud requires proof of "(1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promise[e]." *Behnke v. State Farm General Ins. Co.,* 196 Cal.App.4th 1443, 1453 (2011); cf. California Civil Code §1710(4); *Engalla v. Permanente Med. Group, Inc.* (1997) 15 Cal.4th 951, 973 (1997).

While here Defendants' fraudulent promise is enforceable, a false oral promise supports a fraud claim even if not enforceable. *Tenzer v. Superscope, Inc.,* 39 Cal.3d 18, 29-31 (1985). Nor must the amount promised be precise to form an enforceable contract; an employer's promise of a bonus large enough to retire on was enough. *Moncada v. West Coast Quartz Corp.*, 221 Cal.App.4th 768, 772, 776-777 (2013). A promise of an unspecified bonus in an was also found clear enough to be an enforceable contract. *Sabatini v. Hensley*, 161 Cal.App.2d 172 (1958).

Damages for promissory fraud are detriment damages, also known as out of pocket damages. Mr. Stauffer contends he would have earned $250,000 in salary (what he earned next elsewhere at Penumbra) instead of his $120,000 Orpheus salary, but relied to his detriment Orpheus' promise of double digit equity in agreeing to go to work with Orpheus instead.

## 2. Violation of California Corporate Securities Law

The threshold question presented by Mr. Stauffer's claim for violation of the California Corporate Securities Law is whether his acceptance of a salary half what he could earn elsewhere was the giving of something of value in return for equity in the business.

California's Corporate Securities Law bans making false or misleading statements to sell or dispose of equity in return for anything of value, including work as an employee. California Corporate Code §25401; Corporate Code §25017(b). The equity promised Mr. Stauffer would have been corporation equity; Orpheus became a corporation, Andromeda Entertainment, Limited, once formal documents listed more than one owner. Orpheus was an LLC. Defendants cite cases with multifactor tests for determining whether an economic interest qualifies as equity, but neither involved ownership of a portion of a business entity. *People v. Black*, 8 Cal.App.5th 889, 900 (2017) (promissory note); *Silver Hills Country Club v. Sobieski*, 55 Cal. 2d 811, 815 (1961)) (country club membership). *People v. Jacques*, 137 Cal.App.2d 823, 833-834 (1955) held that sale of stock to a corporation´s vice president was covered by the California Corporate Securities Law, distinguishing *People v. Syde*, 37 Cal.2d 765 (1951) (share of profits from movie made by children in acting school).

The elements required to prove violation of the California Corporate Securities Law are the same as for promissory fraud except looser. No intent to deceive is required, and no proof of causation is needed, so long as the representation was material. No proof of reliance is required. The defendant need not even act with negligence. *Bowden v. Robinson*, 67 Cal.App.3d 705, 715 (1977); *Small v. Fritz Cos., Inc.*, 30 Cal.4th 167, 173 (2003); *Bily v. Arthur Young & Co.,* 3 Cal.4th 370, 407-408 (1992); *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 243 (2007).

### 3. Discharge in Violation of Public Policy

Two claims allege discharge in violation of public policy: discharge for declining to take MDMA and discharge to avoid paying equity owed. After half a year's delay, Mr. Stauffer insisted his agreed equity be formalized before Orpheus signed an outside contract, but Mr. Arnott fired him within days to try to avoid paying his contractually agreed equity. Mr. Arnott first messaged Mr. Stauffer to fly to Texas to take MDMA ("ecstacy") with him, a drug that builds an artificial sense of trust suited for brainwashing, then fired him for declining.

Essential elements for discharge in violation of public policy are that Mr. Stauffer was an employee, was discharged, was harmed, that Mr. Stauffer's refusal to take MDMA with Mr. Arnott, or an attempt by Orpheus not to pay Mr. Stauffer equity he had earned, or a combination, was a substantial motivating reason for Mr. Stauffer's discharge. *Garcia-Brower v. Premier Automotive Imports of CA, LLC*, 55 Cal.App.5th 961, 973 (2020).

### 4. Discharge in Violation of Covenant of Good Faith and Fair Dealing

Defendants allegedly "discharged plaintiff Job Stauffer in an attempt to avoid paying Mr. Stauffer the equity interest that he had already been promised, that he had already earned, but that he had not yet paid." (1st Amended Complaint ¶69.) This is a classic application of the covenant, which:

> "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. (E.g., *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370, 900 P.2d 619.)" *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349, 8 P.3d 1089, 1110 (2000).

"[T]he covenant prevents a party from acting in bad faith to frustrate the contract's actual benefits. Thus, for example, the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled, such as compensation already earned." *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 353 (2000).

### 5. Discharge Because of Disability Violating FEHA

Although Mr. Arnott was aware Mr. Stauffer had a history of depression, as he worked with Mr. Stauffer he saw its reality and also learned Mr. Stauffer had been hospitalized with suicidal ideation. Discharge resulted, Plaintiff claims.

A necessary threshold fact for discharge violating FEHA is that Orpheus had at least five full or part time employees. 2 California Code of Regulations §11008(d)(1). There is a factual dispute. Defendant claims part time workers were independent contractors, and disputes their number.

Essential factual elements are that Mr. Stauffer was an employee, was discharged, was harmed, and that his disabling depression and anxiety were a substantial motivating factor in his discharge. *Harris v. City of Santa Monica*, 56 Cal.4th 203, 232 (2013).

### 6. Breach of Contract to Pay Equity or Quantum Meruit

Mr. Stauffer sues in breach of contract for the double digit equity promised him. Double digit equity means at least 10%. That is clear enough to form an enforceable contract. *Moncada v. West Coast Quartz Corp.*, 221 Cal.App.4th 768, 772, 776-777 (2013) (employer's promise of bonus large enough to retire on was clear enough to be enforceable contract); *Sabatini v. Hensley*, 161 Cal.App.2d 172 (1958) (promise of bonus in unspecified amount with no formula specific enough to form binding contract).

Essential elements of a breach of contract claim are offer, acceptance, consideration, performance, breach and damages. *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014).

An additional cause of action seeks 30 days waiting time penalties for failure to pay all wages owed, in this case including equity, upon discharge. California Labor Code §§215, 216, 222, 204, 201,

If any essential element for breach of contract can not be proved, Plaintiff sues in the alternative for damages quantum meruit, measured by the fair

market value of his services (the $250,000 salary he next earned after Orpheus) less what he was paid instead. E*. J. Franks Construction, Inc. v. Sahota*, 226 Cal.App.4th 1123, 1127–1128 (2014); CACI 371.

**7.   Misclassification of Employee as Independent Contractor**

Plaintiff's misclassification claim has limited damages: the employer share of social security and medicare taxes. Workers are presumed employees. Employers have the burden of proving otherwise by establishing all three elements of the ABC test:

A. the worker was under the terms of the contract and in fact free from the control and direction of the business;

B. that worker performed work outside the usual course of the defendant's business; and

C. the was customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work. *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal.5th 903, 913–914, & fn. 3 (2018).

**8.   Failure to Reimburse Business Expenses**

Mr. Stauffer alleges he reasonable incurred over $20,000 in business expenses, was reimbursed for only $10,000 (which he disbursed to himself, Defendants claim wrongfully), and sued for the remaining $11,000.  Mr. Stauffer alleges Defendants' failure to reimburse him both violated the Labor Code and was breach of contract. Mr. Stauffer must prove the expenses were necessary and reasonably incurred to perform his job but were not paid him. California Labor Code §2802(a); *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137, 1144 (2014).

///

///

///

- 5-
Plaintiff's Trial Brief                                                                                         Case No. 21-cv-00567-JD

**9.     Successor Liability**

Shortly after discharging Mr. Stauffer, Defendants formed an ostensibly new business entity, Andromeda Entertainment, then dissolved Orpheus. Plaintiff alleges that each of the defendants are alter egos of one another, with Mr. Arnott at their center, and that Andromeda is the mere continuation of Orpheus.

Defendants claim Orpheus is "a failed company" (Ds' Motion In Limine 1 MPA at 2:24) whose equity is worthless, and presumably from which no other damages can be collected either. Actually, Mr. Arnott funded all three business entity Defendants and set up Andromeda as a mere continuation of Orpheus to wipe out Mr. Stauffer's equity, with the same products, employees, and Facebook page. (Stauffer Decl. Opposing MSJ, Docket 42-2, 6:12-7:11 and Exs. 8-12.)

As Mr. Arnott wrote his father, "funding [Orpheus] is a non-starter until he [Stauffer] signs a waiver. There's an out, of course, which is to create a new legal entity with a new brand." (Horowitz Decl. Opposing MSJ, Docket 42-1, Arnott Dep. 252:1-5 and Ex. 24 at DEFS012266.)

Successor liability is well established under California law. *Wolf Metals Inc. v. Rand Pacific Sales, Inc.* (2016) 4 Cal.App.5th 698, 704-705, 709 (2016). 209 CR3d 198, 203-204, 207; *Hernandez v. Enterprise Rent-A-Car Co. of San Francisco*, 37 Cal.App.5th 187, 196-197 (2019); *CenterPoint Energy, Inc. v. Sup.Ct.*, 157 Cal.App.4th 1101, 1120-1121 (2007); *Cleveland v. Johnson*, 209 Cal.App.4th 1315, 1326-1335 (2012).

To prove successor liability, Plaintiff must prove Andromeda Entertainment is Orpheus' successor business, for which a number of factors must be considered:

///

///

1. Andromeda carried on the same business as Orpheus;

2. Andromeda acquired the business but not the liabilities of Orpheus;

3. Andromeda paid little or no money to Orpheus for its business;

4. Andromeda when it acquired the business of Orpheus had practically the same shareholders as Orpheus;

5. Andromeda when it acquired the business of Orpheus had practically the same management as Orpheus;

6. A substantial factor in the decision that Andromeda carry on the business of Orpheus was avoidance of specific debts or obligations or Orpheus.

Dated: June 8, 2023                    LAW OFFICES OF PHIL HOROWITZ

                                                        /s/ Phil Horowitz

                               by   _____
                                     Phil Horowitz
                                   Attorneys for Plaintiff Job Stauffer